[No. 25902. Department One. June 15, 1936.]

PAUL LUKETA, *Appellant*, v. JOHN ZOROVICH *et al.,*
*Respondents.*[1]

*Monheimer & Griffin,* for appellant.

*Wright & Wright,* for respondent Zorovich.

*Landon, Landon & Wheeler,* for respondents Legaz
*et al.*

MITCHELL, J.—Josephine Skarponi died testate in,
and a resident of, Pierce county, on March 6, 1932.
Her will was admitted to probate in the superior court
for that county on March 26, 1932, and her estate is
still in the course of administration. No decree has
been entered showing that the debts have been paid,
who the heirs are, or distributing the property.

By the terms of the will, she made specific bequests
to each of her four sons, including Peter Skarponi,
and made her three daughters, including Lena (Skar-
poni) Nickolas, residuary legatees. The decedent
owned a part of the capital stock of the Port Herbert

[1]Reported in 58 P. (2d) 837.

Packing Company, a corporation, none of which was included in the specific bequests in her will.

Paul Luketa acquired from Lena Nickolas a written assignment of all her right in and to her distributive share of the estate. Thereupon, in August, 1934, he filed a petition in the matter of the estate, Probate Cause No. 25942, in the superior court for Pierce county, reciting that, by assignment from Lena Nickolas, he had become interested in the estate, and further alleged, among other things, that the inventory filed in the estate was not full, true and correct, in that it did not include certain fishing nets, certain shares of the capital stock of the Port Herbert Packing Company and certain shares of stock in another corporation. It was alleged further that the Port Herbert Packing Company was the owner of a boat and the fishing nets referred to.

It was further alleged in the petition as follows:

"The decedent, Josephine Skarponi, by reason of her ownership of an undivided ½ interest in the boat and the nets used in catching the fish aforesaid, was entitled to ½ of the capital stock of the Port Herbert Packing Co., issued to Pete Skarponi and John Zorovich as aforesaid; that said corporate stock, although taken and held in their names, was so held by them in trust for the decedent to the extent of her interest therein."

The prayer of the petition was that an order issue directing John Zorovich, Peter Skarponi, and the executor of the estate to show cause why the property described in the petition should not be surrendered to the executor, and inventoried and distributed as provided in the will. Other persons interested in the estate were not made parties to the show cause proceedings.

The three persons mentioned as defendants appeared in response to the order to show cause and an-

swered the petition with appropriate general denials, and also with an affirmative defense that, whatever, if any, claim the estate had in the stock held by John Zorovich and Peter Skarponi, the same was subject to an accounting, and that the funds of the estate had become exhausted and that there were suits, costs and expenses pending and outstanding against the estate.

The petition and answer came on for trial in the superior court for Pierce county, where, on December 12, 1934, the attorneys for the parties and John Zorovich and Paul Luketa discussed the matter of the settlement of the controversy and advised the trial judge that they had arrived at a settlement, whereupon, by request of counsel, the matter was by the court continued, subject to call, for the purpose of enabling the parties, John Zorovich and Paul Luketa, to reduce to writing the terms of their proposed settlement. At no time, however, were the terms of the settlement disclosed to the trial court.

A purported agreement was prepared and signed. It was not signed by the executor of the estate, nor by any heir of the estate mentioned in the will. It was signed only by Paul Luketa, as party of the first part, and John Zorovich, as party of the second part. It was dated December 12, 1934, and, in substance, says that a controversy exists between the parties over certain assets of the estate of Josephine Skarponi, deceased, in the superior court for Pierce county, which dispute the parties to the agreement desire to settle, as follows:

"(3) Party of the second part, being holder of a stock certificate in the Port Herbert Packing Company, a corporation, for twenty-two shares, or thereabouts, of the capital stock of said corporation, will forthwith surrender the said stock certificate to the secretary of the said Port Herbert Packing Company

468

for cancellation and re-issuance, and will cause to be issued to party of the first part a certificate of stock of the said corporation for three and five-sixths (3⅚) shares of the capital stock of the said corporation and will cause the same to be delivered to party of the first part to be his property, and

"(4) That upon compliance of the party of the second part with this agreement party of the second [first] part will cause to be entered in the said court and cause an order dismissing his petition with prejudice and without costs, and

"(5) That party of the second part will comply with his agreement within a period of three (3) days from the date hereof or the party of the first part may, at his election, but not otherwise, declare these premises void and proceed with his petition in the said court and cause; . . ."

As a part of the same transaction, John Zorovich signed and delivered to Paul Luketa a letter, as follows:

"Secretary                      December 12, 1934.
"Port Herbert Packing Co.
"Bell Street Dock,
"Seattle, Washington.
"Dear Sir:

"Enclosed please find certificate of stock in Port Herbert Packing Company No. 20 issued to me for 22 shares.

"You are directed to cancel this certificate for re-issue and are directed to issue in lieu thereof a certificate to Paul Luketa for three and five-sixths shares of the said capital stock, and are directed to deliver the same to him. Also issue to me a certificate for 19⅙ shares, which you will deliver to me.

"Kindly make this transfer immediately."

Stock certificate No. 20 and the letter were received by the Port Herbert Packing Company, by mail, in Seattle on the morning of December 13, 1934, at about which time John Zorovich appeared in person, countermanded the instructions contained in his letter to the

packing company, and demanded a return of certificate No. 20. Because of his demand, and other reasons that need not be mentioned, the corporation did not make the transfer suggested in the letter, and, without notice to Paul Luketa, returned the stock certificate No. 20 to John Zorovich.

Thereupon, Paul Luketa instituted in the superior court for King county the present action against John Zorovich to compel specific performance. of the agreement of December 12, 1934, making Anthony Legaz, president of the Port Herbert Packing Company, and the Port Herbert Packing Company parties defendant. The executor of the estate was not made a party to the action, nor were any of the persons named as beneficiaries in the will of Josephine Skarponi, deceased, made parties.

The defendants appeared and answered the complaint. John Zorovich answered separately. His answer is the only one that need be discussed, as we view the case. He admitted the corporate organization of the Port Herbert Packing Company, and that on December 12, 1934, he held certificate No. 20 for twenty-two shares of the capital stock of the corporation, as the same appeared on the books of the corporation. He admitted that on December 12, 1934, he signed the written agreement purporting to sell $3\frac{5}{6}$ shares of the capital stock to Paul Luketa, and that, on that day, he wrote to the corporation to cancel the certificate and issue in lieu thereof a certificate for $3\frac{5}{6}$ shares to Paul Luketa, and to issue another certificate for $19\frac{1}{6}$ shares to the writer of the letter, John Zorovich. He admitted that the certificate No. 20 and the letter came into the possession of the corporation, at which time, upon his demand in person, certificate No. 20 was returned to him without the knowledge or consent of Paul Luketa, and that defendant now refuses to

consummate the transfer mentioned in the proposed agreement of December 12, 1934.

The answer contains general denials of other allegations in the complaint and, by way of affirmative defense, sets up, among other things, the pendency of the probate proceedings in the superior court for Pierce county in the matter of the estate of Josephine Skarponi, deceased, and the filing therein of the petition by Paul Luketa, as vendee of the distributive share of Lena Nickolas, a residuary legatee, upon which petition a hearing was being had when the agreement, specific performance of which is sought in the present action, was entered into. It was further alleged in the answer that the estate of Josephine Skarponi has not been closed, that all claims have not been paid, and that

" . . . other heirs are asserting some interest in said corporate stock of said Port Herbert Packing Company, including that which the plaintiff alleges he contracted to purchase from this defendant."

Other defenses that need not be mentioned were set up in the answer. The defendant demanded that the plaintiff take nothing by the action, and that it be dismissed. A reply containing general denials was filed. It is not necessary to set out the allegations in the joint answer of Anthony Legaz and the Port Herbert Packing Company, which in no way conflicted with the answer of John Zorovich.

Upon the trial of the case, findings and conclusions were filed, upon which judgment was entered dismissing the action with prejudice. The plaintiff has appealed.

One assignment on the appeal is that the court erred in finding that, while certificate No. 20, for twenty-two shares of stock, stood on the books of the Port Herbert Packing Company in the name of John Zorovich, the

court "is unable to find from the evidence in the case what portion of said stock, if any, said John Zorovich was the legal or equitable owner of." The finding is supported, in our opinion, upon examination of the record, by a clear preponderance of the testimony.

We find it unnecessary to discuss other assignments of error, because they relate to matters that are not important in the consideration and decision of the controlling question in the case, namely, the pendency of the action in the superior court of Pierce county. There were other defenses set up in the answer upon which issues were joined, upon one of which alone the judgment dismissing the action was given.

The testimony in the case included the show cause proceedings in the superior court for Pierce county upon Paul Luketa's petition, in which he alleged that the estate of Josephine Skarponi (not a party to the present action) had an interest in the twenty-two shares of the capital stock of the Port Herbert Packing Company, and that a hearing was being had on that petition, during which a recess was taken to allow the parties to reduce to writing a supposed settlement of the controversy, and that the hearing was continued, subject to call for further hearing. There was also further testimony in the present case that one of the heirs of the estate, not a party to the present action, claimed an undetermined interest in the twenty-two shares of stock. The record further shows that, upon cross-examination by appellant's attorney, John Zorovich testified in the present case concerning certificate of stock No. 20, as follows:

"Q. I understood you to say, maybe I am mistaken, that you did know that part of this stock belonged to the estate. A. Yes, sir, I did; I don't know how much."

This testimony was undisputed, and, together with other facts and circumstances appearing on the trial,

472

satisfied the trial judge of his inability to find what, if any, interest John Zorovich had in the stock.

When these facts, including the embarrassed condition of the estate, were established, it was the duty of the trial court to hold that another suit, concerning this same personal property, was pending in the superior court for Pierce county, and to enter judgment dismissing the action without prejudice.

Remanded, with directions to the trial court to enter such a judgment. Respondents will recover their costs on the appeal.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.